



U.S. Department of Justice

*United States Attorney*
*District of Maryland*
*Northern Division*

Rod J. Rosenstein
United States Attorney

Judson T. Mihok
Assistant United States Attorney
Judson.Mihok@usdoj.gov

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4908
MAIN: 410-209-4800
FAX: 410-962-3097
TTY/TDD: 410-962-4462

May 6, 2014

Mr. Gill Cochran, Esquire
Cochran & Chhabra, LLC
116 B Cathedral Street
Annapolis, MD 21401

Re: United States v. Kevin Francis Kelley, ELH 14-0203

Dear Mr. Cochran:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by close of business on May 23, 2014, it will be deemed withdrawn.

The terms of the agreement are as follows:

### Offense of Conviction

1. The Defendant agrees to plead guilty to the Information now pending against him which charges him with Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

   a. On or about the date listed in the Indictment, the Defendant knowingly distributed a visual depiction;

b. The depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;

c. Producing the visual depiction involved using a minor engaged in sexually explicit conduct;

d. The depiction is of a minor engaged in sexually explicit conduct; and

e. The Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

## Penalties

3. The maximum sentence provided by statute for the offense to which your client is pleading guilty is as follows: imprisonment for not less than five (5) years and not more than twenty (20) years, followed by a term of supervised release of not less than five years and not more than life and a fine of up to $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

4. The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

5. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

  b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

  c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

  d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

  e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

  f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

  g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

  h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the

3

Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

      i.      The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him. By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

## Advisory Sentencing Guidelines Apply

6.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

7.      This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

      a.      The base offense level is twenty-two (22) pursuant to USSG §2G2.2(a)(2).

      b.      Pursuant to USSG §2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).

      c.      Pursuant to USSG §2G2.2(b)(3)(F), there is a two (2) level increase because the offense involved distribution, other than distribution described in (A) through (E).

      d.      Pursuant to USSG §2G2.2(b)(4), there is a four (4) level increase because the material portrays sadistic or masochistic conduct or other depictions of violence.

      e.      Pursuant to USSG §2G2.2(b)(6), there is a two (2) level increase because the distribution involved the use of a computer.

      f.      Pursuant to USSG §2G2.2(b)(7)(D), there is a five (5) level increase because the number of images exceeds 600.

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's

acceptance of personal responsibility for his conduct. This Office may oppose *any* adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Thus, the final anticipated base offense level is **34.**

8. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9. This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States Sentencing Guidelines (other than those stated in ¶ 7, supra) will be raised or are in dispute.

### 18 U.S.C. § 3553(a)

10. This Office and the Defendant agree that both parties reserve the right to argue that this Court should sentence the Defendant to a variant sentence outside of the advisory guidelines range determined by the Court. This Office and the Defendant stipulate and agree that if either party intends to argue, pursuant to 18 U.S.C. Section 3553(a), that the sentence in this case should fall outside of the advisory guidelines range based on any factor, that party will notify opposing counsel at least 14 days in advance of sentencing of the facts or issues the party intends to raise. If the party seeking the non-guideline sentence fails to provide timely notice of the intent to argue for a sentence outside the advisory guidelines range, that party will withdraw the 3553(a) arguments or consent to a continuance of the sentencing date.

### Obligations of the United States Attorney's Office

11. At the time of sentencing, the United States Attorney's Office will recommend a reasonable sentence, giving due consideration to the advisory USSG range, plus a period of at least five (5) years and up to a lifetime period of supervised release.

12. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Waiver of Appeal

13. In exchange for the concessions made by this Office and the Defendant in this



plea agreement, this Office and the Defendant waive their rights to appeal as follows:

       a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

       b.      The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the USSG range provided for at a base offense level 34, taking into consideration the Defendant's Criminal History Category; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the USSG range provided for at a base offense level 34, taking into consideration the Defendant's Criminal History Category.

       c.      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

       d.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

      14.      The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under USSG §3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

6

### Court Not a Party

15.     The Defendant expressly understands that the Court is not a party to this agreement.  In the federal system, the sentence to be imposed is within the sole discretion of the Court.  In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing.  The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence.  Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information.  The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above.  The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement.  The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive.  The Defendant agrees that no one has made such a binding prediction or promise.

### Forfeiture

16.     The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on December 4, 2013, including, but not limited to: a Samsung notebook laptop, s/n: AZVP93NB103990B; a Seagate Free Agent external hard drive, s/n: 2GET3GK2; an Apple iMac computer, s/n: W87021S5WRX; a Mac mini external hard drive, s/n: YM02703BCS6; Western Digital hard drive, s/n: WXE107823924; a Simple Tech Simple Share external hard drive, s/n: 0513013660; a Seagate Free Agent external hard drive, s/n: 3QK05WAR; CDs/DVDs/other removable media, 617 pieces; an Apple iPad, s/n: DMPJ5HDNDJ8T; an Apple iPhone; a Sony multi card reader with (1) one 4GB SD card enclosed; and a Sony a65 digital camera, s/n: 0178562 with enclosed 16GB SD card.  He further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

### Restitution

17.     For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16.  Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution.  The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected.  18 U.S.C. §§2259, 3663A(b)(2) and (4).  The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records,

regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Entire Agreement

18.  This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Judson T. Mihok
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

5-15-14
Date

X _____
Kevin Francis Kelley

8

I am Kevin Francis Kelley's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_5/15/14_  
Date

_Gill Cochran, Esq._

9

## EXHIBIT A
## STIPULATED FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Kevin Francis Kelley, age 45, is a resident of Halethorpe, Maryland.

On October 3, 2013, the Defendant was sharing child pornography on the BitTorrent P2P network. BitTorrent is a program which is downloaded from the Internet and it is used to exchange or share files between computer users. Utilizing IP address 108.40.61.244, the Defendant shared a video file from the Defendant's computer at his Halethorpe, MD, residence. However, the IP address in question actually resolved to a neighbor's residence which the Defendant was accessing without the neighbor's knowledge. The file that the Defendant made available to the undercover Detective was entitled, "(Hussyfan)(pthc)(r@ygold)(babyshivid) Al 4Yprivate1 (3yo Marjorie in bath – infant child sex.mpg" is approximately 3 minutes and 25 second long. This video depicts a nude prepubescent child in a bath tub. An adult male can be heard on the video giving the child instructions. The adult male tells the child to "stand up and show me how you clean again." The child stands up and rubs her vagina and buttocks with her hands. The child then squats and holds her vagina open with both her hands; the camera focuses in on the vagina and the adult male fondles her vagina with his finger. The child then places both her hands on the adult male's erect penis and then places the adult male's penis in her mouth.

On December 3, 2013 at approximately 0845hrs, Detective Rees obtained a search and seizure warrant for the first residence located on Tulip Avenue, Halethorpe, Maryland. After interviewing and forensically previewing the computers at the first residence, it was clear that the

1

file in question had not been downloaded from a computer at this residence. The homeowner indicated that he had assisted a neighbor by running an Ethernet cable from the router inside of the first residence on Tulip Avenue to a residence on Cedar Avenue so that the individual at that residence could have access to the Internet.

Based on the information obtained from the first residence on Tulip Avenue, the Baltimore County Detective prepared a search and seizure warrant for the second residence on Cedar Avenue, Halethorpe, Maryland. Interviews and forensic preview of the computer at this residence again was inconsistent with file sharing on BitTorrent and the downloading of the file in question on October 3, 2013. The resident of the second residence on Cedar Avenue informed the Detectives of a neighbor at a separate residence on Tulip Avenue who was very knowledgeable with computers and helped set up the wireless router at the first residence on Tulip Avenue. The residents of the first Tulip Avenue residence confirmed that the individual residing at the other Tulip Avenue residence had assisted them in setting up their network and that they had trusted him with the password to their wireless router. In fact, one of the residents of the first Tulip Avenue residence identified the Defendant by name and indicated that the Defendant had taken pictures of the password with this cell phone.

On December 4, 2013, the Baltimore County Detective accessed the BitTorrent software and found that the Defendant was still sharing child pornography utilizing the IP address in question, 108.40.61.244.

As a result, a third warrant was applied for and executed, this time on the Defendant's residence, which was the second Tulip Avenue residence, on December 4, 2013. After knowingly, intelligently, and voluntarily waiving his rights pursuant to *Miranda*, the Defendant agreed to be interviewed and stated, in sum and substance, that he had used his neighbor's

wireless internet signal to engage in the trading of child pornography, and that he he knew the password to their wireless router because he had helped them set up the password for their wireless router. The Defendant admitted to using his neighbor's wireless connection to avoid detection by law enforcement. Regarding his collection of child pornography, the Defendant admitted to possessing "thousands" of child pornography images and videos that were saved on his computer and hard drives and that he had installed a Torrent program on his Samsung laptop that he would leave running to download child pornography. The Defendant explained that the Torrent software is a file sharing software that allowed its users to share files with others using the same file sharing software. The Defendant stated he categorizes his child pornography in various ways to include by sex act, age of child and name of child, and that he had masturbated while viewing child pornography, which he had been collecting for over 10 years.

The following is a description of the items seized from KELLEY's residence and the subject of this affidavit and search warrant:

- Apple iMac computer, s/n: W87021S5WRX

- Samsung notebook laptop, s/n: AZVP93NB103990B

- Mac mini ~~external hard drive, s/n:~~ YM02703BCS6   - Full computer

- Western Digital hard drive, s/n: WXE107823924

- Seagate Free Agent external hard drive, s/n: 2GET3GK2

- Simple Tech Simple Share external hard drive, s/n: 0513013660

- Seagate Free Agent external hard drive, s/n: 3QK05WAR

- Removable media, 617 pieces

- Apple iPad, s/n: DMPJ5HDNDJ8T

- Apple iPhone

3

- Sony multi card reader with (1) one 4GB SD card enclosed

- Sony a65 digital camera, s/n: 0178562 with enclosed 16GB SD card

Preliminary forensic analysis of just the Samsung notebook laptop, s/n: AZVP93NB103990B, and the Seagate Free Agent external hard drive, s/n: 2GET3GK2, has indicated a massive amount of child pornography. Those two items alone contained over 63,000 image files and 950 video files of child pornography. The image and video files included sadistic or masochistic conduct, or other depictions of violence, and depicted prepubescent minors (under the age of 12) engaged in sexually explicit conduct. The Defendant sought out these visual depictions on the internet and knowingly distributed them via the internet. The Defendant knew the images depicted minors engaged in sexually explicit conduct; in addition, the images had traveled in interstate or foreign commerce.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

_5-15-14_  
Date

X _Kevin Francis Kelley_  
Kevin Francis Kelley